**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                    Case Number: 07-20414

v.                                     JUDGE PAUL D. BORMAN
                                        UNITED STATES DISTRICT COURT

D-1 GEOFFREY FIEGER,
D-2 VERNON JOHNSON,

        Defendants.
_____ /

## ORDER
## DENYING DEFENDANTS' MOTION FOR A BILL OF PARTICULARS

Defendant Geoffrey Fieger filed a motion for a bill of particulars pursuant to F.R.Crim.P. 7(f).

Pursuant to Local Court Rule 7.1(e)(2), the Court concludes that oral argument is not necessary in light of the briefing.

Defendant concedes (Brief P.3) that the ten count indictment provides "a generic listing of the date and amount of the various checks which allegedly represent the campaign contributions and subsequent reimbursements. . . .".

The Court concludes that the indictment is sufficient to inform Defendants of the charges against them. Federal Rule of Criminal Procedure 7(c) states:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . .

In the instant case, the indictment is not a "bare bones" charging paper as in *United States v. Dempsey*, 733 F.2d 392 (6th Cir. 1984).

The United States Court of Appeals for the Sixth Circuit has explained that a bill of

1

particulars "is not meant as a tool for the defense to obtain detailed disclosure of all the evidence held by the government before trial. Further, a defendant is not entitled to discover all the overt acts that might be proven at trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted).

The Court concludes that the instant indictment, as to each count, is sufficiently detailed and specific so that a bill of particulars is not required. *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). In particular, the Court notes that Count I charging conspiracy, lists the individual contributors' initials, dates of contributions, check amounts, and dates of repayments by the corporation. If the Defendants do not know the names of their employees and/or vendors whose initials are listed, they can file a request with the Court for the person(s) full name, and if the Government objects to disclosure the Court will hear argument on that specific issue.

Accordingly, the Court in the exercise of its discretion, except for the issue described in the preceding paragraph, denies Defendant's Motion for a Bill of Particulars.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 1, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 1, 2007.

s/Denise Goodine
Case Manager