**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                  Case Number: 07-20414

v.                                    JUDGE PAUL D. BORMAN
                                        UNITED STATES DISTRICT COURT

D-1 GEOFFREY FIEGER,
D-2 VERNON JOHNSON,

        Defendants.
_____ /

## ORDER
## DENYING DEFENDANTS' MOTIONS FOR
## SEVERANCE/RELIEF FROM PREJUDICIAL JOINDER

On October 9, 2007, each Defendant, filed a motion for severance/relief from prejudicial joinder. On October 23, 2007, the Government filed its response.

Pursuant to Local Rule 7.1(e)(2), the Court finds that oral argument is not necessary to resolve the instant motions.

Defendants are joined in a ten count indictment. Defendant Fieger is charged in all ten counts. Defendant Johnson is charged in the initial conspiracy count, and thereafter in counts II, IV, VI and VII. The indictment alleges a conspiracy to make prohibited campaign contributions, substantive counts, and finally an obstruction of justice count against Defendant Fieger.

Federal Rule of Criminal Procedure 14 provides for relief from prejudicial joinder of defendants if the joinder for trial appears to prejudice a defendant.

There is no justification for separate trials in the instant case. The Supreme Court held, without dissent, in *Zafiro v. United States*, 113 S.Ct. 933, 938 (1993) that "Rules 8(b) and 14 are designed to promote economy and efficiency and to avoid a multiplicity of trials as long as these

objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." (citations omitted).

The Court, being advised by the pleadings, and consulting the federal rules and the relevant precedent, denies Defendant's motions. The Court concludes that both Defendants will receive a fair trial in a single proceeding.

First, as to the issue of when the trial will take place, there is no real divergence. In the instant case, <u>both</u> Defendants have filed many pretrial motions, which is proper, effective, practice in federal criminal cases. The case is proceeding to trial, but trial cannot take place until the Court resolves the many pretrial motions filed by Defendants. The Court affirms that criminal pretrial motion practice is the norm and absolutely proper, but at the same time the legal reality is that pretrial motions require time for their resolution thereby delaying the trial date. This reality is recognized by the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(F), which excludes the time required for resolution of pretrial motions from the speedy trial time clock.

Similarly with regard to discovery, the Court will rule on the issues raised by the parties and not set one party against the other in its rulings.

As for the consideration of a protective order related to discovery, the Court's ruling as to whether or not it is appropriate, will not set one party against the other.

The parties, joined as co-conspirators in the indictment, will each receive a fair trial in the forthcoming single trial.

The Court will explain to the jury that Defendant Johnson is not charged in Count Ten, the obstruction of justice count. Similarly the Court will explain to the jury that Johnson is not charged in Counts III, VIII, and IX.

Further, the Court will, as necessary, explain to the jury that each Defendant is entitled to

separate consideration. The Supreme Court has recognized "the almost invariable assumption of the law that jurors follow their instructions . . .". *Richardson v. Marsh*, 107 S.Ct. 1702, 1707 (1987). Neither Mr. Johnson nor Mr. Fieger will be prejudiced by a joint trial.

Accordingly, the Court, in the exercise of its discretion, denies the separate motions by each Defendant for severance and a separate trial.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 2, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 2, 2007.

s/Denise Goodine
Case Manager