# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                   Case Number: 07-20414

v.                                         JUDGE PAUL D. BORMAN
                                            UNITED STATES DISTRICT COURT

D-1 GEOFFREY FIEGER,
D-2 VERNON JOHNSON,

        Defendants.
_____ /

## INTERIM OPINION AND ORDER
## RE GOVERNMENT EX PARTE SUBMISSIONS RELATED TO
## DEFENDANTS' MOTION TO DISMISS INDICTMENT FOR
## SELECTIVE/VINDICTIVE PROSECUTION

In response to the Court's request for supplemental briefing after the initial hearing on the instant motion, the Government stated, as to three matters, that it would respond, but only *ex parte* under seal. The Court requested those responses *ex parte* under seal.

On November 1, 2007, the Government filed three categories of sealed documents:

1. Other E.D. MI criminal cases where a large complement of agents was utilized in simultaneous combined search warrant executions, and interviews of individuals.

2. Identification of a Department of Justice campaign finance violation criminal investigation of a plaintiff's attorney, a 2004 Edwards for President contributor, that did not result in a criminal prosecution.

3. The basis for the recusal from this investigation of three E.D. MI U.S. Attorney office personnel.

Defendant filed an Opposition to Government's Suggestion to Provide Secret Information to Court (October 26, 2007), and a Request for Ex Parte Information (November 14, 2007).

The Court is aware that the Supreme Court has stated, in the context of criminal trials,

1

that "the appearance of justice can best be provided by allowing people to observe it."

*Richmond Newspapers v. Virginia*, 100 S.Ct. 2814, 2824 (1980) (plurality opinion). Chief Justice Burger's plurality opinion added:

> People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing.

*Id*. at 2825. Further, the opinion noted:

> [A] presumption of openness inheres in the very nature of a criminal trial under our system of justice.

*Id*.

The Court recognizes that *Richmond* deals with the access of the public and the press to criminal trials, and that the same right does not necessarily extend as to all pretrial proceedings. On the other hand, the instant Defendants have fundamental rights to due process discovery, to a fair trial, effective assistance of counsel, and to be engaged in significant issues raised to the Court. In the instant case, Defendants claim of selective/vindictive prosecution certainly is such a significant issue. Pretrial matters should not be concealed from the Defendant unless absolutely necessary to protect specific rights/privileges clearly established, and not merely for convenience or preference.

In *United States v. Barnwell*, 477 F.3d 844, 845 (6th Cir. 2007), the United States Court of Appeals dealt with a trial situation – jury deliberations – and reversed the conviction, "because improper *ex parte* communications between the prosecution and the trial judge . . . violated his constitutional right to due process and effective assistance of counsel." The Sixth Circuit stated in no uncertain terms:

> An *ex parte* communication between the prosecutor and the trial judge can only be "justified and allowed by compelling state interest.

> . . . .
> Although one can envision the extraordinary case in which the Government could show a <u>compelling state interest</u> to have limited *ex parte* communications with a trial judge, this is certainly not such a case. Other circuits have found that matters of national security or the safety of witnesses or jurors may warrant careful consideration of whether <u>limited</u> *ex parte* communications should be allowed. The Government, however, makes no such arguments.

*Id.* at 851-52 (emphasis in original) (citations omitted). The Sixth Circuit found the situation in *Barnwell* even more aggravated because the trial judge failed to apprise defendant's counsel of the *ex parte* communications. In the instant case, that aggravating factor is not present; Defendant is aware of the *ex parte* matters.

*Barnwell*, at 853 cited the Supreme Court decision in *Carroll v. President & Commissioners of Princess Anne*, 393 U.S. 175, 183 (1968):

> The value of a judicial proceeding . . . is substantially diluted where the process is *ex parte*, because the Court does not have available the fundamental instrument for judicial judgment: an adversary proceeding in which both parties may participate.

The issue before the Court is whether to permit the *ex parte* information received by the Court *in camera*, to bolster the Government's response to Defendant's Motion to Dismiss for Selective/ Vindictive Prosecution, should be disclosed to Defendants in order to permit them to effectively pursue their claims.

The Court will discuss each exhibit seriatim.

The Court concludes that the identity of an individual Plaintiffs attorney who was investigated by the federal government but not prosecuted, must remain sealed to protect the innocent accused. *See United States v. Proctor & Gamble*, 78 S.Ct. 983, 986, n.6 (1958). Therefore this shall remain properly under seal.

As to the cases involving large numbers of agents conducting coordinated interviews and

searches, the Court concludes the names of the cases shall be redacted, but with the year of the incident added. Therefore, no sensitive information will be released yet Defendants will be appraised of the pertinent information.

Finally, as to the Government request to seal the basis for the recusal of the three U.S. Attorneys, the Court will conduct additional *ex parte*, *in camera*, on the record, discussion with the U.S. Attorney and the Justice Department attorney on this case, before ruling on that issue.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 16, 2007.

s/Denise Goodine
Case Manager