**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                        Case Number: 07-20414

v.                                         JUDGE PAUL D. BORMAN
                                                UNITED STATES DISTRICT COURT

D-1 GEOFFREY FIEGER,
D-2 VERNON JOHNSON,

        Defendants.
_____ /

**ORDER
DENYING DEFENDANTS' MOTIONS TO COMPEL DISCOVERY**

On September 27, 2007 Defendant Fieger moved to compel discovery of (1) grand jury subpoenas to banks and (2) Brady material. Co-Defendant Johnson joined in this motion. The Government filed a response on October 11, 2007. The Court held a hearing on this motion on November 7, 2007.

For the following reasons the Court (1) denies Defendants' discovery of grand jury subpoenas to banks, and (2) denies Defendants' request for transcripts of grand jury testimony of witnesses that the Government will not call at trial, that the Government has identified to Defendants as potential *Brady* material. The Government acknowledges that the witnesses could be favorable to the defense. As to those grand jury witnesses, the Government has provided Defendants with their names and will provide to Defendants a summary of their interviews with FBI agents – but not their grand jury testimony, if Defendants agree, pursuant to F.R.Crim.P. 16(b)(1)(A), to provide to the Government any interview statements in their possession concerning those witnesses.

As to Jencks Act statements and grand jury testimony of witnesses the Government

1

intends to call at trial, the Government will provide them to Defendants at least two weeks prior to trial. The Government has further stated that it will provide them to Defendants earlier, if the Defendants agree to not speak out in public about these Government witnesses pending trial. The Government justifies that its refusal to provide Defendant Fieger those statements more than two weeks before trial because Defendant Fieger has, post-indictment, spoken out publicly about the characteristics, including the mental stability, of potential government witnesses. The Government adds that Fieger's personal attack on their character in public, subjects them to opprobrium (humiliation and disgrace).

Defendant Johnson agrees to that condition, and thus qualifies, under the Government's conditions, to receive the statements earlier. Defendant Fieger refuses this condition, and will receive the statements two weeks prior to trial.

Discussion

A recent discussion of *Brady v. Maryland*, 737 U.S. 83 (1963), by the United States Court of Appeals for the Sixth Circuit states:

> Pursuant to *Brady*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process, where the evidence is material either to guilt or punishment irrespective of good faith or bad faith of the prosecution." 373 U.S. at 87. Likewise *Brady* also applies to the failure to disclose evidence affecting the credibility of a witness whose "reliability . . . may . . . by determinative of guilt or innocence." *Giglio v. United States*, 405 U.S. 150 (1972).

*United States v. Garner*, ___F.3d___ (6th Cir. 2007); 2007 WL _____ (Nov. 7, 2007). In *Garner*, the government received material cell phone records five days before trial, and used the five days to check them in seeking to further implicate the Defendant. The government conceded that it took an extensive amount of time to check out the numbers. The Court stated that the defense should have been afforded at least the same amount of time to conduct its own

investigation. The Court held that "by failing to turn over the records sooner, Garner did not receive a fair trial."

The Sixth Circuit held, "alternatively even if the late disclosure of the cell phone records does not amount to a *Brady* violation, the denial of the request for a continuance to enable Garner's counsel to conduct the necessary investigation into the records was an abuse of discretion warranting a new trial."

In the instant case, the Government's turning over of the grand jury testimony of its witnesses at least two weeks prior to trial provides Defendants with sufficient time to prepare for trial and in addition avoids any basis for representing a continuance.

In the instant case, the Government has stated that it has disclosed to Defendants the names of the grand jury witnesses it will not call at trial whose testimonial evidence comes under *Brady*. This provides Defendants with the ability, and the time, to interview these witnesses, and call them at trial.

The Government has also stated that it will provide Defendants with a copy of Government agent interview summaries of those witnesses.

This suffices under *Brady* as to those grand jury witnesses. Although the Defendants argue that the Government should produce transcripts of the grand jury testimony of those witnesses, that is not required under *Brady*.

As United States District Judge Denise Cote noted in *United States v. Paulino*, 299 F.Supp.2d 332, 334 (S.D.N.Y 2004):

> Although *Brady* requires the Government to disclose material exculpatory evidence, the Government need not disclose "all evidence in its possession that might assist defense preparation." There is "an exception to the disclosure obligation where the defendant or his attorney either knew, or should have known, of the essential facts permitting him to take advantage of that

evidence."

(citations omitted).

In *Rector v. Johnson*, 210 F.3d 551, 558-59 (5th Cir. 1997), the United States Court of Appeals for the Fifth Circuit stated:

> The State has no obligation to point the defense toward potentially exculpatory evidence when that evidence is either in the possession of the defendant or can be discovered by exercising due diligence. Nor is the State obligated to disclose evidence that is available from other sources.

(citations omitted).

In the instant case, the Government has satisfied its *Brady* obligation as to these witnesses.

Finally, the Court denies Defendant Fieger's request for copies of the grand jury subpoenas to banks.

The Court finds that these grand jury subpoenas constitute matters occurring before the grand jury under F.R.Crim.P.6(e). Further, with regard to disclosure under Rule 6(e)(3)(E)(ii), "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury", Defendant has not made a compelling showing of particularized need for the requested disclosure of these grand jury subpoenas. *Beale et. al. Grand Jury Law & Practice*, 2d Ed. 2005, § 5:15 P.5-106. The compulsory notification requirements of the Right To Financial Privacy Act do not apply to records sought by way of Grand Jury Subpoena. *Beale* 35:16, 5-107.

The grand jury is free to file subpoenas in support of its investigation, without restrictions, in general:

> the grand jury "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is

not."

. . . .

A grand jury may compel the production of evidence or the testimony of witnesses as it considers appropriate, and its operation generally is unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials. (internal quotation and citation omitted).

*See*, *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 297, 298 (1991). Here the grand jury subpoenas to the banks were proper actions of the grand jury.

Finally, there is no obligation for the Government to provide these subpoenas under F.R. Crim. P. 16.

Accordingly, the Court denies Defendants' Motion to Compel Discovery.

**SO ORDERED**.

                                                  s/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: November 16, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 16, 2007.

                                                  s/Denise Goodine
                                                  Case Manager