UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              CASE NO. 07-CR-20414

-vs-                                               PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

D-1 GEOFFREY FIEGER,
D-2 VERNON JOHNSON,

        Defendants.
_____/

## OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS THE INDICTMENT

The matter before the Court is Defendant Vernon Johnson's October 9, 2007 Motion to Dismiss the Indictment. (Doc. No. 60). The Government filed a Response on October 30, 2007. Defendant Geoffrey Fieger filed Notice of his Joinder and Concurrence in the Motion on October 31, 2007. A motion hearing was held on November 8, 2007. The Court notes that this Motion is separate from the Defendants' Motion to Dismiss the Indictment for Selective and Vindictive Prosecution. For the following reasons the Court DENIES Defendants' instant motion.

### I. BACKGROUND

On August 22, 2007, a grand jury issued a ten count indictment, charging, in Count I, Defendants Geoffrey Fieger and Vernon Johnson with conspiring to use corporate funds to make prohibited campaign contributions to the 2004 John Edwards Presidential Campaign in the amount of $127,000 "and to disguise those prohibited contributions as legitimate payments, in order to deceive the Federal Election Commission, the Edwards for President Committee, and the public." The indictment further charges, in Counts II-V, Defendants with making and causing illegal conduit

contributions and corporate contributions to the campaign in 2003 and 2004 (Counts III and V – only Defendant Fieger); causing the Edwards Campaign to unwittingly submit false statements to the Federal Election Committee (Counts VI-IX; Counts VIII and IX – only Defendant Fieger); and Defendant Fieger alone with obstructing justice in relation to the grand jury investigation into this matter (Count X).

Defendant Fieger is the president of the law firm Fieger, Fieger, Kenny, Johnson and Giroux, P.C. Co-defendant Johnson is an officer and a minority shareholder in the firm. (Indict. ¶¶ 3, 4). During 2003 and 2004, Defendant Fieger is alleged to have served as a fundraiser for the Edwards for President Campaign. (*Id.* ¶ 5). The indictment details the "conspiracy" between Defendants Fieger and Johnson, as one wherein individuals who worked for or with Defendants would contribute $2,000, the maximum individual amount, to the Edwards Campaign and thereafter would be fully reimbursed by funds from the firm. (*Id.* Count I, ¶ 4).

Defendants now move the Court to dismiss many counts of the Indictment arguing that 2 U.S.C. §§ 441b and 441f are constitutionally vague or overbroad. Defendants also argue that the dollar limit on individual campaign contributions contained in 2 U.S.C. § 441(a)(1)(A) violates the First Amendment to the United States Constitution.

## II. ANALYSIS

Defendants bring this Motion to Dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), alleging a defect in the indictment.

### A. Individual Limit on Contributions

Defendants argue that the individual limit on campaign contributions, 2 U.S.C. § 441(a)(1)(A), violates the First Amendment to the United States Constitution. .

The Supreme Court explicitly rejected Defendants' precise argument in *Buckley v. Valeo*, 424 U.S. 1 (1976), holding that "the weighty interests served by restricting the size of financial contributions to political candidates are sufficient to justify the limited effect upon First Amendment freedoms caused by the [] contribution ceiling." *Id*. at 29. Defendants recognize this precedent is binding and do not attempt to distinguish the facts or circumstances of the present case from *Buckley*.

Therefore, the Court acknowledges that Defendants have set forth in specific this argument, but given direct Supreme Court precedent to the contrary, concludes that this argument is without merit.

### B. Corporate Contributions

Defendants argue that 2 U.S.C. § 441b, which forbids corporate contributions, is overbroad and vague on its face. (*See* Indict. Counts IV, V). Pursuant to § 441b(a), "[i]t is unlawful for . . . . any corporation . . . . to make a contribution or expenditure in connection with any [federal] election . . . ." Section 441b(b)(2) defines the term "contribution or expenditure" as including "any direct or indirect payment, distribution, loan, advance, deposit, or gift of money, or any services, or anything of value . . . ."

Defendants contend § 441b is overbroad and as a result, the statute chills the exercise of First Amendment. "A statute is unconstitutional on its face on overbreadth grounds if there is a realistic danger that the statute itself will significantly compromise recognized First Amendment Protections

3

of parties not before the court." *Dambrot v. Central Mich. Univ.*, 55 F.3d 1177, 1182 (6th Cir. 1995) (internal quotation omitted). Further, the Supreme Court has explained:

> The First Amendment doctrine of overbreadth is an exception to our normal rule regarding the standards for facial challenges. The showing that a law punishes a "substantial" amount of protected free speech, judged in relation to the statute's plainly legitimate sweep, suffices to invalidate all enforcement of that law, until and unless a limiting construction or partial invalidation so narrow it as to remove the seeming threat or deterrence to constitutionally protected expression.

*Virginia v. Hicks*, 539 U.S. 113, 118-19 (2003) (internal citations and quotations omitted). The Supreme Court noted in *Hicks* that "the threat of enforcement of an overbroad law may deter or 'chill' constitutionally protected speech – especially when the overbroad statute imposes criminal sanctions." *Id.* at 119 (citation omitted).

"The first step in analyzing an overbreadth claim is to determine whether the regulation reaches a substantial amount of constitutionally protected speech." *Dambrot*, 55 F.3d at 1182. Defendants contend that by expanding the definition of the term "contribution" to include both direct and indirect payments, loans, advances, deposits, or gifts, the statutes has criminalized such a broad range of conduct as to proscribe a "substantial" amount of protected free speech. Specifically, Defendants aver that § 441b could criminalize an independent contribution made by an employee using funds obtained through a salary or bonus from a corporation. Defendants contend that by prohibiting individual contributions by corporate employees using their salaries, a protected First Amendment right, the statute is rendered overbroad.

After review of § 441b(b)(2), the Court finds Defendants' proffered argument is without merit. Defendants' hypothetical relies upon circumstances in which the corporation would have no intent to make such a contribution – however, the statutory construction belies this interpretation. The statues prohibits a corporation making a direct or indirect contribution "to" a candidate. This

4

construction indicates that for a corporation's conduct to fall within in the parameters of the statue, the corporation must direct their donation "to" a candidate, ergo, intend to donate. Defendants wish for the Court to ignore the plain meaning of the statute, which it will not do. Therefore, the Court holds that § 441b is not overbroad.

Defendants further argue § 441b is void for vagueness because it fails to give notice of what conduct is unlawful under its terms. To wit, Defendants contend an individual of normal intelligence cannot determine when a donation to a candidate using funds from a corporation is prohibited under the statute.

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). "The Due Process Clauses of the Fifth and Fourteenth Amendments provide the constitutional foundation for the void-for-vagueness doctrine." *Belle Maer Harbor v. Charter Township of Harrison*, 170 F.3d 553, 556 (6th Cir. 1999) (citation omitted). The Sixth Circuit has set forth the standard for a void for vagueness challenge, stating:

> In a facial challenge to the vagueness of a law, a court's first task is to determine whether the enactment reaches a "substantial" amount of constitutionally protected conduct. If the statute does not proscribe a substantial amount of constitutionally protected conduct, a party may raise a vagueness challenge only if the enactment is impermissibly vague in all of its applications.

*Rendon v. Transp. Security Admin.*, 424 F.3d 475, 480 (6th Cir. 2005) (internal quotations and citations omitted). "An enactment imposing criminal sanctions or reaching a substantial amount of constitutionally protected conduct may withstand facial constitutional scrutiny only if it incorporates a high level of definiteness." *Belle Maer Harbor*, 170 F.3d at 556.

As this case involves criminal penalties, "a relatively strict test is warranted." *Id*. at 557. To withstand a void for vagueness facial challenge, an enactment must define the proscribed behavior with sufficient particularity to provide a person of ordinary intelligence with: (1) "reasonable notice of prohibited conduct," and (2) "encourage non-arbitrary enforcement of the provision." *Id*. (citation omitted).

Defendants argue § 441b is void for vagueness because it does not provide reasonable notice to the public of the conduct it proscribes. However, Defendants' argument is unpersuasive. The Court finds that people of ordinary intelligence would understand § 441b prohibits corporations from deliberately making donations to political campaigns, and would not find the term "directly or indirectly" confusing in this statutory context. This is evidenced by the unexhaustive list of statutes which use this phrase, provided by the Government. (*See* Plf. Br. n.3, including 18 U.S.C. §§ 229 (receiving chemical weapons); 1461 (mailing obscene materials); 1954 (influencing an employee benefit plan)). Further, as explained above, the construction of § 441b requires the corporation make the donation "to" a campaign, which requires intent on the part of the corporation to steer the funds to the campaign.

Therefore, the Court finds § 441b is not constitutionally overbroad or void for vagueness.

### C.  Contributions in made in the Name of Another

Defendants contend 2 U.S.C. § 441f, which prohibits contributing in the name of another, is overbroad and void for vagueness on its face. (*See* Indict. Counts II and III). Section 441f states, "[n]o person shall make a contribution in the name of another person or knowingly permit his name

to be used to effect such a contribution, and no person shall knowingly accept a contribution made by one person in the name of another person."[1]

Defendants argue § 441f is overbroad and void for vagueness as the statute appears to only make unlawful a situation where a donor has no "active involvement" in a contribution made in his name. For example, Defendants contend that § 441f can be "read so broadly, it raises the specter of criminal prosecution in every situation where the government can challenge [a willing] donor's financial ability to make a sizable contribution." (Def. Br. at 6). Defendant argues that because the statute can be interpreted to include such a situation, § 441f is unconstitutionally overbroad and vague.

A statute is unconstitutional on its face on overbreadth grounds if there is a realistic danger that the statute itself will significantly compromise recognized First Amendment Protections of parties not before the court." *Dambrot*, 55 F.3d at 1182 (internal quotation omitted). The first step in this inquiry is to determine whether § 441f reaches a substantial amount of protected speech. *Id*. at 1182. The Court finds Defendants' argument that protected speech will be chilled by an overbroad interpretation of § 441f is flawed. A criminal prosecution under § 441f requires that an individual "knowingly and willfully"commit a violation under the statute. 2 U.S.C. § 437g(d). As a result, for the Government to obtain a criminal conviction under § 441f, it must show the individual knowingly made a contribution in another's name and also with the knowledge that such an act would violate the statute. Therefore, despite Defendants' attempt to construe § 441f as devoid

---

[1] Defendants recognize that § 441f has survived a direct First Amendment challenge in another Circuit. *See Mariani v. United States*, 212 F.3d 761, 775 (3rd Cir. 2000) (*en banc*) (rejecting plaintiff's argument that § 441f failed to advance a compelling state interest and was underinclusive because it only applied to contributions of hard money.").

of any intent requirement and applying only to those individuals with no active involvement in the contribution, the statutory context provides such a requirement. Further, it is clear there is no realistic fear of Defendants' proposed interpretation in light of this requirement.

Defendants' further argue the statute is void for vagueness because § 441f does not provide notice to a person of ordinary intelligence that the proscribed conduct is illegal. As stated previously, "[a]n enactment imposing criminal sanctions or reaching a substantial amount of constitutionally protected conduct may withstand facial constitutional scrutiny only if it incorporates a high level of definiteness." *Belle Maer Harbor*, 170 F.3d at 556. Defendants suggest that an individual would not be on notice that his conduct was proscribed by § 441f if he made a voluntary contribution, thereby relying upon their interpretation that § 441f only prohibits those contributions in which an individual had no active involvement. However, § 441f states that it is unlawful for a person to "make a contribution in the name of another person." This language does not correspond with "no active involvement." Indeed, the statute facially requires the individual to *take* action, i.e. "to make" the contribution in the name of another.

Therefore, the Court finds § 441f is neither overbroad nor void for vagueness.

## III.  CONCLUSION

For the all these reasons, the Court **DENIES** Defendants' Motion to Dismiss many Counts of the Indictment.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 27, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 27, 2007.

s/Denise Goodine
Case Manager