**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 07-20414
    Hon. Paul D. Borman
    Hon. Gerald E. Rosen

GEOFFREY FIEGER,

    Defendant.
_____/

**ORDER DENYING**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    May 23, 2008

PRESENT: Honorable Gerald E. Rosen
                Acting Chief United States District Judge

In an opinion and order dated April 29, 2008, the Court granted in part and denied in part Defendant Geoffrey Fieger's motion for the production of various records bearing upon the processes used to select grand and petit jurors in this case. Defendant now seeks reconsideration of this ruling, arguing that the Court failed to fully address each of the challenges he has advanced under the Jury Selection and Service Act ("JSSA"), 28 U.S.C. § 1861 *et seq.* More specifically, Defendant contends that the Court's ruling does not address a discrete claim arising under § 1863(b)(3), through which Defendant seeks to challenge the purported under-representation of Wayne County residents in the master jury wheel for the Detroit division of this District.

Even assuming that Defendant raised such a claim in his underlying April 11, 2008 motion to dismiss,[1] and even assuming that Defendant has drawn a legally meaningful distinction between a "fair cross section" challenge to juror selection and a claim under § 1863(b)(3),[2] the Court finds no basis to expand the scope of the discovery authorized under its April 29 opinion and order. Section 1863 generally requires each federal district court to "devise and place into operation a written plan for random selection of grand and petit jurors" that is "designed to achieve" the JSSA's principal

---

[1]The Court notes that there was no mention of § 1863 in Defendant's motion to dismiss or accompanying brief. Although Defendant's brief quoted statutory language found in § 1863(b)(3), this provision was misidentified as "28 U.S.C. § 1867(b)(3)." (See Defendant's Motion to Dismiss, Br. in Support at 3.) Even so, any resulting confusion might have been avoided if Defendant had made a serious effort to comply with Judge Borman's April 11, 2008 order striking his initial motion to dismiss on the ground that it was not accompanied by a brief. Rather than correcting this defect, Defendant simply refiled his motion with a "brief" comprised entirely of the very same numbered paragraphs found in his initial motion. Not surprisingly, this "brief" is less than clear in delineating the grounds and supporting legal authority for the relief sought in the accompanying motion.

[2]Certainly, Defendant has not identified the standards that might govern such a discrete "claim" under § 1863, as opposed to a fair cross section challenge. It is not enough to assert that the juror selection process in this case might have violated some provision of the JSSA, because Defendant is entitled to relief only in the event of a "substantial failure to comply" with this statute. 28 U.S.C. § 1867(a); see also United States v. Ovalle, 136 F.3d 1092, 1100 (6th Cir. 1998) ("The mere fact that there has been a violation of the JSSA does not guarantee [the defendant] a remedy."). The requisite "substantial failure," in turn, has been construed by the courts as "one that contravenes one of the two basic principles of the [JSSA]: (1) random selection of jurors, and (2) determination of juror disqualification, excuses, exemptions, and exclusions on the basis of objective criteria." United States v. Savides, 787 F.2d 751, 754 (1st Cir. 1986); see also Ovalle, 136 F.3d at 1100; United States v. Gregory, 730 F.2d 692, 699 (11th Cir. 1984). Thus, deviations from the JSSA's provisions have been deemed not "substantial" where, for example, the challenged method did not "result[] in discriminatory selection of jurors or otherwise prevent[] jury panels from consisting of fair cross-sections of the community." Gregory, 730 F.2d at 699. Against this legal backdrop, it is far from clear that Defendant's separate "§ 1863 claim" would obviate the need to inquire whether the claimed violation resulted in a pool of grand or petit jurors that failed to reflect a fair cross section of the community.

objectives and that "otherwise compl[ies] with" the Act's provisions. 28 U.S.C. § 1863(a). Section 1863(b) then specifies a number of features that such a plan must incorporate, including the one cited by Defendant: namely, a procedure for ensuring "that each county, parish, or similar political subdivision within the district or division is substantially proportionally represented in the master jury wheel for that judicial district, division, or combination of divisions." 28 U.S.C. § 1863(b)(3).

No additional discovery is needed to confirm that this District's juror selection plan comports with this statutory requirement. As observed in the Court's April 29 opinion and order, section (h)(2) of this plan directs the Clerk of the Court to "ensure that each county within a division is proportionally represented in the master jury wheel for that division." This mandate, in turn, resulted in the creation of the Detroit division's current master jury wheel in the fall of 2006 with a composition of precisely 39.62 percent Wayne County residents, or 39,620 of the 100,000 names in this wheel. See Administrative Order No. 06-AO-005. It follows that Wayne County residents are not merely "substantially proportionally represented" in the current master jury wheel, but are *exactly* proportionally represented in this wheel, in strict accordance with the numbers of registered voters in Wayne County and the other eight counties from which the Detroit division draws prospective jurors. See 28 U.S.C. § 1863(b)(3) (permitting proportional representation to be determined by reference to "the number of registered voters" in each county, parish, or similar political subdivision).

As expressly stated in the April 29 opinion and order, "Defendant has not suggested any basis for believing that the Clerk might have failed to comply with" the specific and straightforward directives set forth in this District's juror selection plan and Administrative Order No. 06-AO-005. (4/29/2008 Op. at 15.) In any event, if the discovery previously permitted by this Court enables Defendant to lay a factual foundation for a claim of a "substantial failure to comply" with the JSSA's provisions, he will then have an opportunity to seek "the testimony of the . . . clerk" as to whether these directives were followed in the formation of the current master jury wheel. See 28 U.S.C. § 1867(d). Defendant's bare speculation does not warrant such an inquiry at this juncture.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's May 15, 2008 motion for reconsideration is DENIED.

s/Gerald E. Rosen<br>
Gerald E. Rosen<br>
United States District Judge

Dated: May 23, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry<br>
Case Manager